**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GEORGE FRANKLIN BUTZ,
                    *Petitioner,*

v.

KATHY MENDOZA-POWERS, Acting
Warden,
                    *Respondent.*

No. 06-71137

D.C. No.
CV-98-07584-
ER-AN
Central District
of California,
Los Angeles

ORDER

Filed February 1, 2007

Before: Mary M. Schroeder, Chief Judge, Stephen Reinhardt
and Michael Daly Hawkins, Circuit Judges.

---

## COUNSEL

Rich Pfeiffer, Santa Ana, California, for the petitioner.

Bill Lockyer, Attorney General of the State of California,
Robert R. Anderson, Chief Assistant Attorney General,
Pamela C. Hamanaka, Senior Assistant Attorney General,
Kenneth C. Byrne, Supervising Deputy Attorney General, and
Tita Nguyen, Deputy Attorney General, for the respondent.

---

## ORDER

PER CURIAM:

   Petitioner George Franklin Butz ("Butz") filed an applica-
tion for permission to file a second or successive petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2254. Butz seeks consideration of the merits of claims presented in his first habeas petition. The district court dismissed that petition with prejudice for failure to prosecute, including failure to pay the filing fee. The district court did not consider the merits of the claims raised in the petition. Butz now presents evidence that between his filing of the pro se petition and its dismissal, he hired an attorney, Henry Russell Halpern ("Halpern"), to prosecute the petition, but that Halpern took no action, failing even to file an appearance.

When a district court dismisses with prejudice a petition for writ of habeas corpus under 28 U.S.C. § 2254 without reaching the merits of the claims raised therein, the petitioner may seek relief from judgment through a motion under Federal Rule of Civil Procedure 60(b), because such a motion is not the equivalent of a second or successive petition under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Gonzalez v. Crosby*, 125 S. Ct. 2641 (2005); 28 U.S.C. § 2244(b)(3)(A). We hold that where, as here, the district court dismisses the petition for failure to pay the filing fee or to comply with the court's orders, the district court does not thereby reach the "merits" of the claims presented in the petition and a Rule 60(b) motion challenging the dismissal is not treated as a second or successive petition. *See Crosby*, 125 S. Ct. at 2648-49. Butz may file a Rule 60(b) motion without obtaining prior authorization from this court. *Cf.* 28 U.S.C. § 2244(b)(3)(A).

## I.  Procedural History

On September 18, 1998, Butz filed a federal habeas petition in the district court, acting pro se. He listed his address as Blythe Ironwood State Prison. On September 28, 1998, a magistrate judge issued a minute order notifying Butz that the $5.00 filing fee remained due. On November 24, 1998, the magistrate judge issued a second order, which required Butz to pay the filing fee, submit a request to proceed in forma

pauperis, or show cause why the petition should not be dismissed for failure to pay the fee. On May 19, 1999, having received no response, the magistrate judge issued a report and recommendation that the district court dismiss the petition for failure to respond to the November 24 order. On August 3, 1999, the district judge adopted the report and recommendation and dismissed the action with prejudice.

On March 2, 2006, Butz, through new counsel, filed in this court an application for authorization to file a second or successive habeas petition under 28 U.S.C. § 2254. He contended that his first habeas petition had been dismissed due to neglect by his prior counsel, Halpern, and despite his own diligence. Butz stated that he and his father had telephoned and written Halpern to determine the status of his petition, but had received no response. He supported these allegations with copies of, *inter alia*, an April 16, 1999 cashier's check for $5,000.00 made out to Halpern; an October 5, 2000 letter to Halpern inquiring about the status of his case; a May 22, 2001 letter to Halpern demanding a full refund of fees paid and the return of his legal files; a complaint to and subsequent correspondence with the State Bar of California; a letter from the State Bar of California notifying him that Halpern had "admitted to his misconduct" and refunded the full fee paid; and a copy of the refund check. Butz stated that he had not appealed the August 3, 1999 dismissal of his habeas petition because he "did not know that [it] had been dismissed."

The habeas petitioner in *Crosby* filed a Rule 60(b) motion challenging the district court's dismissal of his case on statute of limitations grounds. *See Crosby*, 125 S. Ct. at 2648. The district court's judgment of dismissal had not "substantively addresse[d] federal grounds for setting aside [petitioner's] state conviction." *Id.* The Supreme Court held that the Rule 60(b) motion was not subject to AEDPA's prior authorization requirement.

In this case, the district court dismissed Butz's petition at an even earlier stage in its evaluation, for failure to pay that

court's $5.00 filing fee. Considering Butz's request to rein-state his petition on the grounds that his counsel's abandon-ment constituted a "reason justifying relief from the operation of the judgment," Fed. R. Civ. P. 60(b)(6), therefore, would "creat[e] no inconsistency with the habeas statute or rules." *Crosby*, 125 S. Ct. at 2648. Butz does not seek now to add new claims to his petition or to adduce new evidence or cite new law in support of claims previously adjudicated on the merits. *See id*. at 2647. Because a Rule 60(b) motion by Butz would not be the equivalent of a second or successive habeas petition, his application for authorization to file such a peti-tion is unnecessary.

## II.     Timeliness of Rule 60(b) Motion

Respondent argues that even if AEDPA does not bar a Rule 60(b) motion on the grounds Butz raises, such a motion would be untimely. Rule 60(b) limits the time within which a motion for relief from judgment may be made. Motions based on mis-take, inadvertence, surprise, or excusable neglect, Fed. R. Civ. P. 60(b)(1); on newly discovered evidence, Fed. R. Civ. P. 60(b)(2); or on fraud, misrepresentation, or other misconduct of an adverse party, Fed. R. Civ. P. 60(b)(3), must be made "within a reasonable time" and "not more than one year after the judgment, order, or proceeding was entered or taken," Fed. R. Civ. P. 60(b). Motions based on other reasons, includ-ing on "any other reason justifying relief from the operation of the judgment," Fed. R. Civ. P. 60(b)(6), must be made "within a reasonable time," Fed. R. Civ. P. 60(b).

Respondent contends that even if Butz could file his motion under Rule 60(b)(6), a delay of more than six years between the judgment and a Rule 60(b)(6) motion could not be "rea-sonable."

Butz, however, alleges explanations for the delay that may satisfy his burden of showing he was sufficiently diligent in pursuing his case. Butz alleges he made the attempts to

remain in touch with his attorney and informed about the status of his case. According to his papers he hired Halpern in mid-April 1999. In a letter to Halpern dated October 5, 2000, Butz recalled that they had met "at this prison" — Richard J. Donovan Correctional Facility, to which he had been transferred since filing the habeas petition — at which time "you informed me that you were going to review the case and get back to me."[1] After that visit, the letter noted, Butz had received only a change of address notice from Halpern, dated April 25, 2000. Since receiving the notice, Butz had tried to telephone Halpern "at least once a month," but had been unable to get through. Butz also stated that his father also had left several messages with Halpern's secretary, but none had been returned.

On May 22, 2001, having apparently been unable to reach Halpern, Butz wrote him to formally demand the return of his fee and his case file, citing various provisions of the California Rules of Professional Conduct. On approximately June 4, 2003, still having had no response, Butz filed a complaint against Halpern with the State Bar of California ("the Bar"). By this time, Butz had learned that his petition had been dismissed in 1999. The different return addresses on the demand letter and bar complaint indicate that Butz was transferred to Avenal State Prison at some point between May 2001 and June 2003.

We disagree with respondent that petitioner's pro se status throughout the proceedings below precludes his argument for reconsideration of the dismissal based on his counsel's abandonment of the case. Respondent points out that the magistrate judge's November 24, 1998 order to show cause; his

---

[1]The record contains contradictory statements about when Halpern visited Butz in prison. Butz's October 5, 2000 letter to Halpern characterizes the visit as having occurred "earlier this year," while a February 4, 2004 letter to the California State Bar states it occurred "[i]n the latter part of 1999."

May 19, 1999 report and recommendation; and the district judge's dismissal order should have been served directly on Butz.

Butz states that he filed the June 2003 complaint against Halpern "[a]s soon as" he learned of the dismissal, which suggests that he did not receive service of the August 3, 1999 dismissal order. Butz's transfers among California correctional institutions between 1998 and 2003 may have interfered with delivery of court mail to him; the district court's docket still shows Butz's address as Blythe Ironwood State Prison, from which he had been transferred by late 1999 or 2000, when Halpern visited him at the Richard J. Donovan Correctional Facility. Even had Butz received the report and recommendations, he might reasonably have assumed that Halpern would either pay the fee without contacting him or tell him to pay it directly. The district court on remand may make any necessary factual determinations in its consideration of the timeliness and merits of a Rule 60(b) motion by Butz.

We deny Butz's request for authorization to file a second or successive habeas petition as unnecessary. We construe the request as a petition for a writ of mandamus to direct the district court to consider the merits of a Rule 60(b) motion requesting that the district court reconsider its dismissal order and reach the merits of his petition. So construed, the petition is granted. Should Butz file such a motion, the district court shall consider it according to the appropriate legal standards and in light of the considerations set forth in this order.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2007 Thomson/West.