NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-35558 |
| Plaintiff-Appellee, | D.C. Nos. 1:14-cv-00109-SPW |
| v. | 1:11-cr-00006-SPW-1 |
| LARRY JOHN DAUENHAUER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted February 3, 2021
Seattle, Washington

Before: GRABER, McKEOWN, and PAEZ, Circuit Judges.

Petitioner Larry John Dauenhauer appeals the district court's order

recharacterizing his Federal Rule of Civil Procedure 60(b) motion as a second or

successive petition and dismissing it for lack of jurisdiction under 28 U.S.C.

§§ 2255(h) and 2244(b)(3)(A). Although the district court erred in its

jurisdictional ruling, we affirm on the alternative ground that the Rule 60(b)

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

motion fails. *See Holley v. Yarborough*, 568 F.3d 1091, 1098 (9th Cir. 2009) ("[W]e may affirm on any ground supported by the record.").

**1.** The district court erred by recharacterizing Dauenhauer's Rule 60(b) motion as a second or successive petition. A Rule 60(b) motion may not be used to assert new claims for relief. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). But "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's . . . conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules."[1] *Id.* at 533.

Dauenhauer's Rule 60(b) motion was proper because it sought relief from a procedural ruling that precluded resolution of his juror bias claim on the merits. Dauenhauer raised his juror bias claim in both the initial petition and first amended petition. After the district court ruled that the juror bias claim had been abandoned, Dauenhauer moved to reinstate the claim on the ground that his counsel's gross negligence "constituted a reason justifying relief from the operation of the judgment." *Butz v. Mendoza-Powers*, 474 F.3d 1193, 1195 (9th Cir. 2007) (per curiam) (citation and internal quotation marks omitted).

---

[1] Although *Gonzalez* considered habeas proceedings under 28 U.S.C. § 2254, we have since concluded that the Supreme Court's holding also applies to proceedings under § 2255. *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (per curiam).

2

"[B]ecause neither the district court's dismissal nor [Dauenhauer's] motion to reopen address the merits for setting [Dauenhauer's] conviction aside, allowing the motion to proceed is not inconsistent with AEDPA." *Hall v. Haws*, 861 F.3d 977, 985 (9th Cir. 2017). Thus, Dauenhauer's motion properly sought Rule 60(b) relief from a "nonmerits aspect" of the habeas proceeding, *Gonzalez*, 545 U.S. at 534, and the district court erred in dismissing it for lack of jurisdiction.

**2.** Nonetheless, Dauenhauer's motion is unpersuasive. "A federal habeas petitioner—who as such does not have a Sixth Amendment right to counsel—is ordinarily bound by his attorney's negligence . . . ." *Mackey v. Hoffman*, 682 F.3d 1247, 1253 (9th Cir. 2012) (citation omitted). And although a petitioner may be entitled to relief under Rule 60(b)(6) when he "has been inexcusably and grossly neglected by his counsel," *id.*, there remains an "essential difference between a claim of attorney error, however egregious, and a claim that an attorney had essentially abandoned his client," *Maples v. Thomas*, 565 U.S. 266, 282 (2012).

Habeas counsel's failure to include Dauenhauer's juror bias claim in the second amended petition may have been negligent, but it did not constitute gross negligence amounting to abandonment. Habeas counsel pursued two other claims, conducted an evidentiary hearing on those claims, and appealed the district court's denial of relief. Further, there is no evidence that habeas counsel "performed incompetent legal work, failed to communicate with [Dauenhauer], refused to

3

implement his reasonable requests or failed to keep him informed of key developments in his case." *Towery v. Ryan*, 673 F.3d 933, 943 (9th Cir. 2012) (per curiam), *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798 (9th Cir. 2015) (en banc). Thus, Dauenhauer is not entitled to relief under Rule 60(b)(6).

**AFFIRMED.**