**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ANDREW MACKEY,
            *Petitioner-Appellant,*

            v.

THOMAS G. HOFFMAN; DAVID
RUNNELS,
            *Respondents-Appellees.*

No. 11-15115

D.C. No.
3:07-cv-04189-SI

OPINION

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted
February 15, 2012—San Francisco, California

Filed June 25, 2012

Before: Arthur L. Alarcón and Barry G. Silverman,
Circuit Judges, and Marvin J. Garbis, Senior District Judge.*

Opinion by Judge Garbis

---

*The Honorable Marvin J. Garbis, Senior District Judge for the U.S.
District Court for Maryland, sitting by designation.

## COUNSEL

Randall Riccardo (argued) (Mill Valley, California), Kent A. Russell (San Francisco, California) of Russell & Russell, and LeRue James Grim (San Francisco, California) for the petitioner-appellant.

Christopher Joseph Wei (argued), Office of the California Attorney General (San Francisco, California), for the respondents-appellees.

## OPINION

GARBIS, District Judge:

This Court has jurisdiction pursuant to 28 U.S.C. § 2253 over this appeal, arising out of a habeas corpus proceeding under § 2254 in which a certificate of appealability has been granted. We review motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) under an abuse of discretion standard. *Wilson v. City of San Jose*, 111 F.3d 688, 691 (9th Cir. 1997).

As discussed herein, we hold that a district court may grant an incarcerated habeas petitioner relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) if his attorney's abandonment causes him to fail to timely file a notice of appeal.

## I.   BACKGROUND

In 2004, Petitioner Andrew Mackey ("Mackey ") was convicted of attempted murder and other crimes in the San Francisco County Superior Court. Mackey was sentenced to a term of life with the possibility of parole plus 25 years to life. Retained attorney LeRue Grim ("Grim ") represented Mackey in post-trial proceedings, including a motion for new trial and direct appeal. Grim further represented Mackey in state post-conviction proceedings that concluded with the California Supreme Court's denial of a petition for review and a petition for writ of habeas corpus in August 2006.

In August 2007, Grim filed a timely petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of California, asserting that Mackey had been denied the effective assistance of counsel. After receiving Mackey's petition, in August 2007 the district court issued a routine order directing Respondent to show cause why the writ of habeas corpus should not be granted. Respondent filed its response in February 2008. Grim did not file a traverse by the March 2008 due date.

In June 2008, Grim wrote Mackey a letter stating:

> Sorry about not writing. I know it means a lot to you.
>
> Your case is before the federal court in San Francisco. The state attorney general has filed his response and we are awaiting a trial date. I expect you will be brought to San Francisco for the trial.

> Please write your parents and ask them to pay some-
> thing on the legal bill.
>
> Thanks.

No hearing was ever scheduled and Grim did nothing fur-
ther. On July 13, 2009, the district court denied the petition
on the merits and entered judgment against Mackey. Grim,
although receiving prompt[1] notification of the entry of judg-
ment, neither notified Mackey of the entry of judgment nor
filed a Notice of Appeal.[2]

Eight months after the entry of judgment, in March 2010,
Mackey wrote a letter to the district court stating that he was
"unaware of the current status" of his case. The district court
clerk responded by providing a copy of the docket sheet to
Mackey that reflected the denial of the petition and the entry
of judgment on July 13, 2009. In response, Mackey wrote a
second letter to the district court, expressing concern about his
appellate rights, stating, "my lawyer has been telling me for
months that I have been granted and evidentuary [sic]. He
tells me I have a court date comeing [sic]." The district court
ordered Grim to respond to Mackey's letters.

In April 2010, Grim filed a signed declaration with the
court stating that Mackey had retained him for the state post-
conviction proceedings, and that Mackey's parents had only
partially paid Grim for those services. Grim said that he pre-
pared and filed Mackey's § 2254 petition pro bono, and that
in September 2007, he "fully informed" Mackey and his fam-
ily that he "couldn't do any more, beyond preparing and filing
the [§ 2254 petition], for nothing." Grim further stated that
during the next two and a half years, Mackey and his friends
called Grim repeatedly, and Grim repeatedly told them that

---

[1]The notification was sent by email on July 13, 2009.

[2]Federal Rule of Appellate Procedure 4(a) requires the filing of a Notice
of Appeal within 30 days of a judgment from which an appeal is taken.

Mackey's parents "had not made any arrangements with [him] or any other attorney to handle the federal habeas and they should call his parents and urge them to do something." Grim further stated that he left numerous voicemail messages for the parents, urging them to "make arrangements." He notes that, during this time, he "had difficulty making [Mackey] understand what the procedure was and his need to have his parents take care of business." Grim did not state to the district court that he informed Mackey when his petition was denied and admitted that after filing an amended § 2254 petition within a week of filing the original petition, he "did nothing more on the case in court."

In response to Mackey's statement to the district court, that Grim had told Mackey that a court date had been set, Grim said:

> As to Petitioner Andrew Mackey's letter, stating I told him a court date had been set, he misunderstood what I said. I told him about the order to show cause to the Attorney General, about the response, that papers needed to be filed in [sic] his behalf, and that there should eventually be a hearing, that there is much preparation to be done before that happens, that eventually the court will set the date, that he needed have [sic] his parents make arrangements for a lawyer to handle the matter and get moving on it.

Mackey responded to this by providing the district court with the above-quoted June 2008 letter from Grim stating "we are awaiting a trial date." Mackey told the district court that the June 2008 letter was "one of the first times that LeRue Grim stated we are awaiting a trial date on and evidentuary [sic] hearing," and that Grim "has lied to me continuously about and evidentuary [sic] hearing."

Thereafter, Grim filed an additional declaration with the district court, in which he reiterates that he was retained by

Mackey's parents, who then stopped paying him and apparently abandoned their son's legal defense. Grim concludes:

> The failure of his parents to help him was not petitioner's fault. It was not my fault. It may not have been their fault. It is obvious the parents are not going to put up any money to help Mr. Mackey in his case before this Court. Petitioner Andrew Mackey has been deprived of counsel in this habeas corpus proceeding through no fault of his own. Fairness suggests the Court should vacate to order [sic] dismissing the petition and reinstate the habeas corpus proceeding and appoint counsel to represent petitioner.

The district court conducted a telephonic case management conference in June 2010. In the course of the conference, the district court stated:

> My concern, however, is that based on what I think was a failure of communication, Mr. Mackey was not aware of that fact [that his petition had been denied] and so, therefore, any kind of appeal deadline for appealing from my ruling passed without his opportunity to consider it. . . . [M]y plan is this: My plan is to either reissue the order or — if I still can do this . . . issue an extension of time to file an appeal.

The district court noted that Mackey did not have a constitutional right to counsel on his habeas position, but asked Grim to undertake to file an appeal on Mackey's behalf once the procedural barriers were lifted. Grim agreed to do so, and orally made a motion seeking to have the district court vacate the July 2009 judgment and reopen the case.

In a December 2010 order, the district court denied the motion to vacate. The district court stated that, upon further

research of the procedural issue, citing *In re Stein*, 197 F.3d 421 (9th Cir. 1999), it had determined that it lacked discretion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b) and enter a new judgment to afford Mackey the opportunity to appeal. The court also concluded that Federal Rule of Appellate Procedure 4(a)(6) prevented it from construing Mackey's letter as a motion for an extension of time to file a notice of appeal. The district court "emphasize[d] that if it possessed the discretion to vacate and reenter the judgment in order to allow petitioner the opportunity to appeal, the Court would do so."

On December 29, 2010, Mackey, by Kent Russell, Esquire,[3] filed a notice of appeal from the denial of the motion and sought a certificate of appealability on the issue of whether the district court had erred in denying his request to vacate the July 2009 judgment to allow him the opportunity to appeal. Mackey contended that his failure to timely appeal "resulted from his attorney's [Grim's] gross negligence and failure to communicate, which deprived [him] of notice and the opportunity to be heard." In January 2011, the district court issued a certificate of appealability.

## II.   DISCUSSION

We address herein the district court's ability to grant Mackey relief from the judgment issued July 13, 2009 pursuant to Rule 60(b)(6).[4]

**[1]** Rule 60(b) of the Federal Rules of Civil Procedure provides that a district court may relieve a party from a final judg-

---

[3]Whom Mackey had retained as "associate counsel" in September 2010. Grim has remained an attorney of record for Mackey through the instant appeal.

[4]Because we hold that Mackey may obtain relief pursuant to Rule 60(b)(6), we do not address his alternative "independent action in equity" theory based upon Grim's alleged fraud.

ment,[5] order, or proceeding for several enumerated grounds[6] as well as "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

The Supreme Court first addressed Rule 60(b)(6) in *Klapprott v. United States*, 335 U.S. 601 (1949), stating, "[i]n simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." 335 U.S. at 614-15. Thereafter, in *Ackermann v. United States*, 340 U.S. 193 (1950), the Supreme Court somewhat narrowed the scope of the rule, holding that it would not provide relief for a "free, calculated, deliberate choice[ ]" not to appeal, where "[n]either the circumstances of petitioner nor his excuse for not appealing is so extraordinary as to bring him within *Klapprott* or Rule 60(b)(6)." 340 U.S. at 198, 202. This Court has held that "[i]n order to bring himself within the limited area of Rule 60(b)(6) a petitioner is required to establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal." *Martella v. Marine Cooks & Stewards Union, Seafarers Int'l Union of N. Am., AFL-CIO*, 448 F.2d 729, 730 (9th Cir. 1971).

**[2]** This Court has held that gross negligence by counsel amounting to "virtual[ ] abandon[ment]" can be an "extraordinary circumstance" that justifies vacating a default judgment pursuant to Rule 60(b)(6). *See Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1169-71 (9th Cir. 2002) (holding that client has shown "extraordinary circumstances" meriting relief from default judgment where attorney "fail[ed] to proceed with his client's defense despite court orders to do so" and "deliber-

---

[5]"A motion under Rule 60(b) must be made within a reasonable time— and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

[6]Including mistake, excusable neglect, newly discovered evidence, and fraud. *See* Fed. R. Civ. P. 60(b)(1)-(5).

ately deceived Tani about the services he was supposed to be performing" thus "depriving him of the opportunity to take action to preserve his rights"). Relief in such a case is justified because gross negligence by an attorney, defined as "neglect so gross that it is inexcusable," "vitiat[es] the agency relationship that underlies our general policy of attributing to the client the acts of his attorney." *Id.* at 1168, 1171 (internal quotation marks omitted).

In *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097 (9th Cir. 2006), this Court stated that our decision in *Tani* was explicitly premised upon the default judgment context of the case and declined to extend the holding to the context of Rule 68 offers of judgment. 452 F.3d at 1103-04. Nevertheless, in *Lal v. California*, 610 F.3d 518 (9th Cir. 2010), we held that relief from judgment under Rule 60(b)(6) was warranted for gross negligence of counsel in failing to prosecute. 610 F.3d at 524.

In the instant case, the district court held that, in light of our decision in *In re Stein*, 197 F.3d 421 (9th Cir. 1999), it lacked discretion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b) and enter a new judgment to afford Mackey the opportunity to appeal.

In *In re Stein,* judgment was entered against an attorney and a law firm that were parties in the case and that had filed timely post-trial motions that were denied. 197 F.3d at 423. The attorney and law firm failed to file a timely notice of appeal because they had not received notice of the entry of the orders from which they sought to appeal. *Id.* They sought relief pursuant to Rule 60(b)(6) or by virtue of an extension of time to appeal. *Id.*

This Court denied relief, stating that "Rule 4(a) [of the Federal Rules of Appellate Procedure] and Rule 77(d) [of the Federal Rules of Civil Procedure] now form a tessellated scheme; they leave no gaps for Rule 60(b) to fill." *Id.* at 426.

Rule 77(d)(1) provides that the district court clerk shall immediately serve notice of an order or judgment on each party. However, Rule 77(d)(2) states "[l]ack of notice of the entry does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure 4(a)." Rule 4(a) provides that a district court may reopen the time to file an appeal based on a failure to receive notice under Rule 77(d) only if the motion is filed within the earlier of 14 days after the movant received notice or 180 days after the entry of the judgment or order appealed from.[7] Since the motion in *In re Stein* was filed outside the Rule 4(a) 180-day time period, Rule 60(b)(6) could not be used to cure the problem of lack of Rule 77(d) notice.

Unlike the appellants in *In re Stein*, Mackey is not seeking to utilize Rule 60(b)(6) to cure a Rule 77(d) "lack of notice" problem. Indeed, Rule 77(d) notice was given to Mackey's counsel of record. Rather, Mackey seeks to utilize Rule 60(b)(6) to cure the problem caused by his being misled and abandoned by his counsel of record. *See Tani*, 282 F.3d at 1171.

---

[7]The Rule states:

The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

In *Maples v. Thomas*, 565 U.S. \_\_\_, 132 S. Ct. 912 (2012), an inmate failed to timely appeal the denial of his state post-conviction petition in state court because, unbeknownst to him, his volunteer attorneys had abandoned him after filing the petition. 132 S. Ct. at 926. Therefore, he was never notified of the denial, until the time to appeal had lapsed. *Id.* at 919-20. After an Alabama Assistant Attorney General sent a letter directly to Maples informing him of the missed deadline, Maples moved the trial court to reissue its order, thereby restarting the appeal period. *Id.* at 920. The motion was denied and the Alabama Supreme Court affirmed. *Id.* at 920-21. Thereafter, Maples sought federal habeas relief. *Id.* at 921. The district court and the court of appeals denied his request based on the procedural default in state court—that Maples had failed to timely appeal the state trial court's denial of his petition for postconviction relief. *Id.*

The Supreme Court held that Maples' abandonment by his attorneys constituted an "extraordinary circumstance[] beyond his control," that justified lifting the state procedural bar to his federal petition. *Id.* at 924, 927. The Court noted that, although an attorney is normally the prisoner's agent, and the principal typically bears the risk of negligent conduct on the part of his agent under well-settled principles of agency law, "[a] markedly different situation is presented, however, when an attorney abandons his client without notice, and thereby occasions the default." *Id.* at 922. "Under agency principles, a client cannot be charged with the acts or omissions of an attorney who has abandoned him. Nor can a client be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him." *Id.* at 924. In Maples' case, because his attorneys had failed to withdraw as attorneys of record when they had effectively abandoned the case, they deprived Maples of his right to personally receive notice without any warning to him that he "had better fend for himself." *Id.* at 925-27.

In the instant case, Grim failed to observe the district court's rule requiring him to seek permission to withdraw as

attorney of record. *See* N.D. Cal. Civ. R. 11-5 ("Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case."). Because Grim failed to notify the court of his intention to withdraw, Mackey was deprived of the opportunity to proceed *pro se* and to personally receive docket notifications from the court. *See Maples*, 132 S. Ct. at 924-25. As a result, Mackey, an indigent prisoner who had been misled by his attorney to believe that he was awaiting a trial or hearing date and believed that his attorney was continuing to represent him, was wholly unaware that the district court had denied his § 2254 petition.

**[3]** "A federal habeas petitioner—who as such does not have a Sixth Amendment right to counsel—is ordinarily bound by his attorney's negligence, because the attorney and the client have an agency relationship under which the principal is bound by the actions of the agent." *Towery v. Ryan*, 673 F.3d 933, 941 (9th Cir. 2012), *cert. denied*, 132 S. Ct. 1738 (2012). However, when a federal habeas petitioner has been inexcusably and grossly neglected by his counsel in a manner amounting to attorney abandonment in every meaningful sense that has jeopardized the petitioner's appellate rights, a district court may grant relief pursuant to Rule 60(b)(6). *See Maples*, 132 S. Ct. at 924; *Tani*, 282 F.3d at 1170; *Lal*, 610 F.3d at 524.

**[4]** Granting relief to Mackey is not barred by *Bowles v. Russell*, 551 U.S. 205 (2007), which held that the time periods prescribed by Rule 4(a)(6) are "mandatory and jurisdictional." 551 U.S. at 209 (internal quotation marks omitted) (holding that appellate court lacked jurisdiction to hear appeal from denial of habeas petition where district court had erroneously granted the petitioner a 17-day period to file his notice of appeal, rather than the 14-day period prescribed by Rule 4(a)(6), and the petitioner had filed his appeal on the sixteenth day). Mackey is not receiving relief pursuant to Rule 4(a)(6).

The district court correctly noted that it could not consider Mackey's March 2010 letter as a motion to extend the time to file a notice of appeal because it was made outside Rule 4(a)(6)'s 180-day limitations period. Mackey is seeking relief pursuant to Rule 60(b)(6) to cure a problem caused by attorney abandonment and not by a failure to receive Rule 77(d) notice.

Mackey contends that he has demonstrated that extraordinary circumstances—here, abandonment by counsel of record—prevented him from being notified of the order denying his federal habeas petition. If he has done so, justice requires that relief be granted so that he may pursue an appeal. *See Klapprott*, 335 U.S. at 614-15.

**[5]** The district court, in its order denying Mackey's request to vacate the judgment, stated that "if it possessed the discretion to vacate and reenter the judgment in order to allow petitioner the opportunity to appeal, the Court would do so." We hold that the district court would possess such discretion if it were to find that Grim effectively abandoned Mackey, causing Mackey to fail to file a timely notice of appeal. Therefore we remand this case with instructions to the district court to make a finding as to whether Grim's action and/or inaction constituted abandonment and, if so, whether to exercise its discretion to grant the relief sought by Mackey.

## Conclusion

We reverse and remand with instructions for the district court to proceed in a manner consistent with this opinion.

**REVERSED AND REMANDED.**