**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGORY LYNN NORWOOD, | No. 12-15354 |
| Plaintiff - Appellant, | D.C. No. 2:03-cv-02554-GEB-GGH |
| v. | |
| STEVE J. VANCE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted April 16, 2013[**]

Before:    CANBY, IKUTA, and WATFORD, Circuit Judges.

California state prisoner Gregory Lynn Norwood appeals pro se from the

district court's order denying his motion for relief from judgment in his 42 U.S.C.

§ 1983 action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo

the district court's determination of jurisdiction over a Fed. R. Civ. P. 60(b)

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion, *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984), and for an abuse of discretion the district court's denial of such a motion, *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1100 (9th Cir. 2006). We may affirm on any ground supported by the record. *Herring v. FDIC*, 82 F.3d 282, 284 (9th Cir. 1996). We affirm.

To the extent that Norwood's motion seeks relief under Rule 60(b)(1) or Rule 60(b)(3), the district court lacked jurisdiction to consider it because Norwood filed the motion more than one year after judgment was entered. *See* Fed. R. Civ. P. 60(c)(1) (Rule 60(b)(1) and Rule 60(b)(3) motions must be made within one year of entry of judgment); *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989) (pendency of appeal does not toll one-year filing period, and a district court lacks jurisdiction to consider an untimely motion to set aside a judgment).

To the extent that Norwood's motion falls within Rule 60(b)(6), denial of the motion was not an abuse of discretion because Norwood failed to establish extraordinary circumstances. *See Mackey v. Hoffman*, 682 F.3d 1247, 1251 (9th Cir. 2012) (to qualify for relief under Rule 60(b)(6), movant must "establish the existence of extraordinary circumstances"); *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (to constitute extraordinary circumstances, attorney must engage in "neglect so gross that it is inexcusable").

2

The district court did not abuse its discretion in denying Norwood's motion for an evidentiary hearing and an investigator. *See Stanley v. Schriro*, 598 F.3d 612, 617 (9th Cir. 2010) (noting that we review denials of evidentiary hearing requests for an abuse of discretion); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth the standard of review and explaining the "exceptional circumstances" requirement for appointing an investigator).

We reject as unpersuasive Norwood's contention that the district court erred in failing to augment the record.

We deny appellees' request, set forth in their brief, to certify Norwood's appeal as frivolous under 28 U.S.C. § 1915(g).

**AFFIRMED.**