**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DARRYL SHEARS,

            Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

            Respondent - Appellee.

No. 12-36019

D.C. No. 2:10-cv-00561-JLR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted June 25, 2014[**]

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Federal prisoner Darryl Shears appeals pro se from the district court's denial of his Federal Rule of Civil Procedure 60(b) motion for relief from the court's judgment denying his 28 U.S.C. § 2255 motion. We have jurisdiction under 28 U.S.C. § 2253. We review the denial of a Rule 60(b) motion for abuse of

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion, *see Mackey v. Hoffman*, 682 F.3d 1247, 1248 (9th Cir. 2012), and we affirm.

Shears contends that the district court erred by denying his Rule 60(b) motion because Judge Robart was required to recuse himself from Shears's section 2255 proceeding after previously recusing himself from sentencing pursuant to *Santobello v. New York*, 404 U.S. 257 (1971). This contention is unpersuasive because Shears's section 2255 motion did not involve a breach of the plea agreement. *See United States v. Camper*, 66 F.3d 229, 233 (9th Cir. 1995) (where government breaches plea agreement at sentencing, reassignment to a different sentencing judge under *Santobello* "is done simply to insure compliance with the plea agreement"). Further, there is no evidence that 28 U.S.C. § 455 required Judge Robart's recusal. *See* 28 U.S.C. § 455(a) (requiring disqualification only when a judge's impartiality might reasonably be questioned).

**AFFIRMED.**