**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

THEODORE WASHINGTON,
*Petitioner-Appellant*,

v.

CHARLES L. RYAN,
*Respondent-Appellee*.

Nos. 05-99009
07-15536

D.C. No.
CV-95-02460-
JAT

OPINION

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Argued July 11, 2013
Submitted September 8, 2014
Seattle, Washington

Filed June 17, 2015

Before: Alex Kozinski, Ronald M. Gould
and N. Randy Smith, Circuit Judges.

Opinion by Judge Gould

# SUMMARY[*]

## Habeas Corpus/Death Penalty

The panel dismissed as untimely Arizona death row inmate Theodore Washington's appeal from the district court's judgment denying his habeas corpus petition (appeal number 05-99009), and affirmed the district court's denial of Washington's motion to vacate the judgment under Fed. R. Civ. P. 60(b) (appeal number 07-15536).

The panel dismissed appeal number 05-99009 because Washington's notice of appeal was not timely filed under Fed. R. App. P. 4(a)(1)(A), a mandatory and jurisdictional time limit. The panel held that Washington's motion for a certificate of appealability cannot be construed as a motion for an extension of time under Fed. R. App. P. 4(a)(5)(A)(i).

In appeal number 07-15537, the panel affirmed the denial of Washington's Rule 60(b) motion because the district court did not abuse its discretion in holding that a Rule 60(b) motion was not available to extend the time allowed to file a notice of appeal on the facts here. Rejecting Washington's contention that his situation satisfies Rule 60(b)(1)'s authorization for relief from judgment in a case of "excusable neglect," the panel held that where a party files a Rule 60(b) motion solely to render a notice of appeal timely, and the motion seeks relief on grounds identical to those offered by Rule 4(a), Rule 60(b) motions may not be used to escape the time limits for appeal. The panel also held that the district

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

court did not err in finding that Washington cannot establish "extraordinary circumstances" justifying relief from judgment under Rule 60(b)(6), where Washington's attorney's negligence leading to the late filing of the appeal did not amount to attorney abandonment.

## COUNSEL

Gilbert H. Levy (argued), Law Offices of Gilbert H. Levy, Seattle, Washington, for Petitioner-Appellant.

Jeffrey A. Zick, Assistant Attorney General, Phoenix, Arizona; Laura Chiasson (argued) and Nicholas Klingerman, Assistant Attorneys General, Office of the Arizona Attorney General, Tucson, Arizona, for Respondent-Appellee.

**OPINION**

GOULD, Circuit Judge:

Theodore Washington, an Arizona death row inmate, appeals the district court's judgment denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254 (appeal number 05-99009) as well as the district court's order denying Washington's motion to vacate the judgment under Federal Rule of Civil Procedure 60(b) (appeal number 07-15536). We dismiss appeal number 05-99009 because Washington's notice of appeal was not timely filed under Federal Rule of Appellate Procedure 4(a)(1)(A), a mandatory and jurisdictional time limit. We affirm the denial of Washington's Rule 60(b) motion in appeal number 07-15536 because the district court did not abuse its discretion in determining that under the circumstances here, a Rule 60(b) motion is not available for the purpose of extending the time allowed to file an appeal.

Because his attorney did not properly calculate a filing deadline, Theodore Washington has lost his chance for appellate review of his habeas petition. In his appeal, he would have raised issues similar to those raised by one of his co-defendants, on which another panel of our court ordered a new penalty-phase trial. *See Robinson v. Schriro*, 595 F.3d 1086, 1113 (9th Cir. 2010). Because we do not have jurisdiction to hear Washington's appeal in appeal number 05-99009, and because the district court did not abuse its discretion in denying Washington's Rule 60(b) motion in appeal number 07-15536, we do not reach the question of whether the district court erred in denying Washington's habeas petition.

## I

In 1987, Washington and two co-defendants, Fred Robinson and Jimmy Lee Mathers, traveled together from California to Arizona. Two of them entered a home, robbed it, and shot the two inhabitants, killing one and seriously wounding the other. The three men were convicted of first degree murder, attempted first degree murder, aggravated assault, residential burglary, and robbery while armed with a deadly weapon. Following an aggravation–mitigation hearing, the trial judge sentenced all three to death. At trial, the prosecution argued that Mathers and Washington entered the home, while Robinson remained outside. At sentencing, the trial court stated that Mathers was the triggerman.

The Arizona Supreme Court affirmed the convictions of Robinson and Washington on direct appeal in *State v. Robinson*, 796 P.2d 853 (Ariz. 1990). That opinion recounts that both victims were shot by a firearm belonging to Robinson, and cites testimony circumstantially identifying Washington as threatening the inhabitants with a handgun and subsequently "ransack[ing]" the house. *Id.* at 857–58. In a companion case, the Arizona Supreme Court reversed Mathers's conviction. *State v. Mathers*, 796 P.2d 866 (Ariz. 1990). It held that there was not sufficient evidence to support the finding that Mathers was involved in the crime, and explicitly found that Robinson and Washington had entered the home. *Id.* at 873.

Robinson filed state and federal post-conviction relief petitions, and eventually won relief in the Ninth Circuit. *Robinson*, 595 F.3d at 1090–91. Relying on the trial court's factual premise that Washington and Mathers entered the home, *id.* at 1091–94, we held that the state trial court's

application of the "cruel, heinous, and depraved" aggravating factor was arbitrary and capricious, and that Robinson received ineffective assistance of counsel at the sentencing phase of the joint trial, *id.* at 1100–12. We granted his petition for a new penalty-phase trial. *Id.* at 1113.

The state trial court denied Washington's initial post-conviction relief petition. He filed a petition for a writ of habeas corpus in the District of Arizona, which found that some of the claims he raised in the petition were procedurally barred and denied relief on the remainder. Washington filed a motion to amend the judgment, which the district court denied in an order filed June 8, 2005. Rule 4(a)'s 30-day deadline to file a notice of appeal from that judgment expired on Friday, July 8.

On Monday, July 11th, one business day after the 30-day deadline, Washington filed a notice of appeal along with a motion for a certificate of appealability ("COA"). The district court granted a COA for three of his claims: 1) whether the trial court erred in denying Washington's motion to sever his trial from those of his co-defendants, 2) whether the "cruel, heinous, and depraved" sentencing factor had been arbitrarily and capriciously applied, and 3) whether Washington received constitutionally ineffective assistance of counsel during the penalty phase of the trial. In response to our order to show cause why the appeal should not be dismissed as untimely, Washington filed a motion in the district court to vacate the district court's judgment under Rule 60(b), and we stayed the show-cause order until the resolution of the 60(b) motion.

The district court denied Washington's 60(b) motion, and Washington timely appealed that decision. We vacated the

district court's order and issued a limited remand directing the district court to replace Washington's counsel of record and to re-hear the 60(b) motion because the district court lacked jurisdiction to hear the motion without a remand order from the original untimely appeal. The district court re-heard and again denied Washington's 60(b) motion, and Washington again timely appealed. We discharged our show-cause order with respect to timeliness, granted a certificate of appealability, and this appeal followed.

We stayed proceedings in this case pending the Supreme Court's resolution of two potentially relevant cases: *Maples v. Thomas*, 132 S. Ct. 912 (2012), and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). After the opinions in those two decisions were issued, we requested and received supplemental briefing on their impact on Washington's claims. Our court then issued its decision in *Mackey v. Hoffman*, 682 F.3d 1247 (9th Cir. 2012), which relied on *Maples* to hold that attorney abandonment could constitute an extraordinary circumstance justifying post-judgment relief under Rule 60(b)(6). We heard argument[1] and then requested and received supplemental briefing addressing a potential intra-circuit conflict between *Mackey* and *In re Stein*, 197 F.3d 421 (9th Cir. 2000).

We issued a limited remand order for the district court to determine whether the late filing of the notice of appeal was attorney abandonment such that relief would be available under *Mackey*'s limited exception. The district court

---

[1] This case was originally assigned to a panel of Judge Betty Fletcher, Judge Harry Pregerson, and Judge Sidney Thomas, which handled all pre-argument motions. After the death of Judge Betty Fletcher, the case was reassigned to the current panel.

determined that the late filing was due to a miscalculation of the filing deadline by a legal secretary in the office of the Federal Public Defender.  It held that this miscalculation was mere negligence, not the kind of abandonment necessary to sever the agency relationship between attorney and client and allow for relief under *Mackey*.   The district court then returned the case to us.

## II

Federal Rule of Appellate Procedure 4(a)(1)(A) requires parties in civil cases to file a notice of appeal within 30 days of the entry of judgment, a time limit that was codified in the habeas statutes at 28 U.S.C. § 2107(a).  Because it is a statutory deadline, failure to meet it "deprive[s] the Court of Appeals of jurisdiction."  *Bowles v. Russell*, 551 U.S. 205, 213 (2007).[2]

---

[2] We have previously commented on the repercussions of the jurisdictional nature of Rule 4(a)'s statutory deadlines.  In *United States ex rel. Haight v. Catholic Healthcare West*, 602 F.3d 949 (9th Cir. 2010), we faced a case where "our circuit precedent gave . . . 60 days to file a notice of appeal.  Relying on [that precedent], Plaintiffs filed their notice of appeal 51 days after the entry of judgment.  At that time, we would have deemed their appeal timely.  But while this appeal was pending, the Supreme Court held that . . . plaintiffs in such cases have only 30 days to appeal."  *Id.* at 952–53 (citing *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 936–37 (2009)).  We dismissed the appeal for lack of jurisdiction, noting that, because the Supreme Court had "expressly refused to limit its decision to prospective application," recognized that potential for "harsh consequences," and denied the possibility of equitable relief, we were bound to apply its holding.  *Id.* at 953.   However, we felt compelled to note that "[i]t is a serious understatement to call this result 'inequitable.'"  *Id.* (quoting *Bowles*, 551 U.S. at 214).

Washington concedes that his notice of appeal was filed one day late, which generally would end the inquiry. However, Rule 4(a)(5)(A) permits the district court to "extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) . . . that party shows excusable neglect or good cause." Washington contends that his motion for a COA should be construed as a motion for an extension of time under Rule 4(a)(5). Because the motion for a COA was filed less than 30 days after the expiration of the period for filing a notice of appeal in Rule 4(a)(1), it would meet Rule 4(a)(5)(A)(i)'s timing requirement if it were so construed.

We decline to do so.[3] We agree that, particularly in cases involving the death penalty or pro se litigants, "[a]ny submission signed by a party that may fairly be read as a request to the district court to exercise its discretionary powers to permit a late appeal should suffice." *Campos v. LeFevre*, 825 F.2d 671, 676 (2d Cir. 1987). But even that low bar is not met here. Our precedent follows the general rule that an untimely notice of appeal may not be construed as a motion for an extension of time. *Pettibone v. Cupp*, 666 F.2d 333, 335 (9th Cir. 1981); *see also Campbell v. White*, 721 F.2d 644, 646 & n.3 (8th Cir. 1983) (gathering extra-circuit cases for the same proposition). We see no logical reason to treat motions for a COA as an exception to this well-established rule, and no circuit case to date has done so.

---

[3] Because we hold that Washington's motion for a COA cannot be construed as a motion for an extension of time, we need not and do not reach the question of whether the miscalculation of the filing deadline was "excusable neglect or good cause" under Rule 4(a)(5)(A)(ii).

But even if we were to consider such a possibility, Washington's motion for a COA here did not indicate that it was intended to serve as a motion for an extension of time. *See Bordallo v. Reyes*, 763 F.2d 1098, 1101–02 (9th Cir. 1985) (holding that "a court must construe whether a motion, however styled, is appropriate for the relief requested"). The motion for a COA does not mention timeliness and does not imply a need for additional time for any reason. Nor could it reasonably be so construed: when Washington's motion for a COA was filed, Washington's counsel believed that the notice of appeal was timely filed and did not think that there was need for an extension of time.

Because Washington's motion for a COA cannot be construed as a motion for an extension of time, his notice of appeal does not meet the mandatory and jurisdictional time limits in Rule 4(a), and we are without jurisdiction to consider his appeal of the district court's denial of his petition for habeas corpus. We therefore dismiss appeal number 05-99009.

## III

Washington's 60(b) motion requested that the district court "vacate the judgment it entered on June 8, 2005 [denying Washington's petition for a writ of habeas corpus], and reenter that judgment *nunc pro tunc* as of June 9, 2005," thereby making timely Washington's notice of appeal. Washington articulates two grounds for such relief. First, he argues that his situation satisfies Rule 60(b)(1)'s authorization for relief from judgment in cases of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Second, he argues that his untimely filing resulted from "extraordinary circumstances" that fall into Rule

60(b)(6)'s catch-all provision. *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). We affirm the district court's denial of Washington's 60(b) motion. *See Stein*, 197 F.3d at 424 ("We review the district court's denial of [a Rule 60(b) motion] for abuse of discretion.").

## A

Washington argues in his Rule 60(b) motion that the circumstances here meet the requirements of Rule 60(b)(1). However, even if the situation is in fact a case of "excusable neglect," that prong of Rule 60(b)(1) is not an avenue by which a party can extend the time periods allowed for filing a notice of appeal, so we must affirm the denial of Washington's Rule 60(b) motion. *See Stein*, 197 F.3d at 424.

*Stein* involved a group of creditors in a bankruptcy case who did not file a timely notice of appeal from a judgment of the district court in favor of the debtor. *Id.* at 423. The creditors alleged that they had not been given notice of the entry of judgment until after the 30-day deadline for the filing of a notice of appeal had passed. *Id.* We discussed the ways in which Rule 4 permits parties to extend the time for filing a notice of appeal, including Rule 4(a)(5)'s option to file a motion for extension of time within an additional 30-day period, and Rule 4(a)(6)'s "outer limit" which gives the district court the option to reopen the time to file a notice of appeal if a party did not receive notice of the judgment against it. *Id.* at 424–25. We held that, "on the facts of this case relief was not available under Rule 60(b) because the exclusive remedies for a failure to file a timely notice of

appeal due to a lack of notice of entry of the judgment or order were contained in Rule 4(a)." *Id.* at 424.**[4]**

We reach the same result here. Though *Stein* explicitly addressed only situations in which a lack of notice of judgment was the ground for the Rule 60(b) motion, the case's logic and the language of Rule 4(a) and Rule 60(b) support the same conclusion that *Stein* reached. As we discussed above, Rule 4(a)(5)(A) permits the district court to "extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) . . . that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). Rule 60 also provides for relief from judgment for "excusable neglect," Fed. R. Civ. P. 60(b)(1), but permits such motions to be filed up to a year after entry of the judgment from which relief is sought, *id.* R. 60(c)(1). As the Third Circuit has persuasively explained:

> Rule 4(a) is a specific procedural rule, governing appellate practice, based on a statutory declaration, 28 U.S.C. § 2107, prescribing the time within which an appeal from a district court order must be taken. Rule 60(b) is a general procedural rule, of applicability to district courts, allowing for relief from judgments. It is a fundamental

---

**[4]** This is the majority rule in our sister circuits. *See* 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* 3950.3 at nn.37–47 (4th ed. 2014) (citing cases for the proposition that the tactic of bringing a Rule 60(b) motion "for no purpose but to induce the district court to vacate and re-enter the underlying judgment and thereby re-start the time to appeal" is "clearly forbidden in all Circuits, save perhaps, the Sixth." (internal quotation marks omitted)).

principle of statutory construction that the specific language controls over general language. Under this principle, Rule 4(a), and not Rule 60(b), controls the time within which an appeal must be taken. Also, to allow a party to rely on Rule 60(b) as an alternative to the time constraints of Rule 4(a) would have the substantive effect of nullifying the provisions of Rule 4(a)(5). Competing statutes should not, if at all possible, be interpreted so that the provisions of one will abrogate the provisions of another.

*West v. Keve*, 721 F.2d 91, 96 (3d Cir. 1983) (internal citations omitted); *see also Dunn v. Cockrell*, 302 F.3d 491, 491–93 (5th Cir. 2002) (per curiam) (holding that motions under Rule 60(b)(1) may not be used to evade the time limits of Rule 4(a) in a case with a procedural posture similar to Washington's).

If we permitted Washington to gain relief under Rule 60(b)(1), it would render the escape hatch already included in Rule 4(a)(5) almost unnecessary, and would also evade the time limits in that rule, because excusable neglect could allow an exemption from the Rule 4(a) time limits up to a year after judgment, far beyond the 30 day extension of the time to appeal that Rule 4(a)(5) allows in cases of excusable neglect. We do not read the law to permit this, and conclude that where a party files a Rule 60(b) motion solely to render a notice of appeal timely, and the motion seeks relief on grounds identical to those offered by Rule 4(a), Rule 60(b) motions may not be used to escape the time limits for appeal. As discussed in Part II above, Washington did not file a motion that can be construed as a motion for extension of

time under Rule 4(a)(5), and he does not allege that he did not receive notice of the judgment against him, so Rule 4(a)(6) does not apply to his situation. The district court did not abuse its discretion when it rejected Washington's Rule 60(b)(1) motion that had tried to avoid the consequences of an untimely notice of appeal.

## B

Although a showing of excusable neglect under Rule 60(b)(1) cannot be used to render a notice of appeal timely, we have not entirely foreclosed using Rule 60(b) for that purpose. We have held that 60(b)(6) can be used to remedy an untimely notice of appeal on a showing of "extraordinary circumstances." *See Mackey*, 682 F.3d at 1251. However, we conclude that the district court did not err in finding that Washington cannot establish extraordinary circumstances here, so the district court did not abuse its discretion in denying Washington's motion.

In *Mackey*, we faced the problem of a habeas petitioner whose attorney filed a petition for a writ of habeas corpus in federal court under 28 U.S.C. § 2254 but stopped litigating the case because Mackey's parents did not pay his legal fees. *Id.* at 1248–50. Because the attorney neither filed an appeal of the district court's denial of the habeas petition nor alerted Mackey to the fact that judgment had been entered against him, Mackey forfeited his opportunity to appeal. *Id.* A new attorney sought to revive this lost chance by filing a motion under Rule 60(b) to re-enter the denial of the habeas petition and restart the time allowed for an appeal under Rule 4(a). *Id.* The district court held that *Stein* deprived it of discretion to consider a Rule 60(b) motion filed only to remedy an untimely appeal. *Id.* at 1250.

We reversed. *Id.* at 1254. We noted that *Stein*'s holding was based on the "tessellated scheme" of Rule 4(a) and Federal Rule of Civil Procedure 77(d), regarding notice of judgment. *Id.* at 1252 (quoting *Stein*, 197 F.3d at 426). Because Mackey's appeal was untimely not for lack of notice, but because his counsel had failed to continue representing him in court—a scenario for which no rule parallel to Rule 77 exists—we concluded that the Federal Rules were not so comprehensive as to leave no room for Rule 60(b)(6).

We recognized that "[a] federal habeas petitioner—who as such does not have a Sixth Amendment right to counsel— is ordinarily bound by his attorney's negligence." *Id.* at 1253 (quoting *Towery v. Ryan*, 673 F.3d 933, 941 (9th Cir. 2012)). However, we then reasoned from *Maples*, 132 S. Ct. at 923–24 (holding that attorney abandonment constitutes an extraordinary circumstance that allows a federal court to disregard the state procedural bar to hearing a habeas petition), and *Community Dental Services v. Tani*, 282 F.3d 1164, 1169–71 (9th Cir. 2002) (holding that a defendant had shown extraordinary circumstances where his attorney disregarded his instructions and purposefully deceived him about the progress of the proceedings), that "when a federal habeas petitioner has been inexcusably and grossly neglected by his counsel in a manner amounting to attorney abandonment," the petitioner may get relief through a motion filed under Rule 60(b)(6), *Mackey*, 682 F.3d at 1253.

The *Mackey* panel remanded to the district court to determine whether such abandonment had occurred, and our panel did the same with Washington's claims. On remand, the district court reviewed the facts—including that Washington's attorney filed an untimely notice of appeal, waited until (what he incorrectly believed to be) the final day

to file that notice of appeal, had logged 260.9 hours that month, relied on an assistant to calculate the filing deadline, and was uncertain about the filing requirements.  D. Ct. Dkt. No. 167, at 4, *Washington v. Ryan*, No. CV-95-2460 (D. Ariz. 2013).  It relied on *Towery*, 673 F.3d at 938, to find that "the facts alleged here suggest mere negligence, not abandonment,"  because none of the allegations were so serious as to constitute the kind of "inexcusable or gross neglect" found in *Mackey* and *Maples.*  D. Ct. Dkt. No. 167, at 7–9.

We cannot conclude that the district court erred in finding that Washington's attorney did not abandon him.  Unlike counsel in *Maples* and *Mackey*, Washington's attorney worked diligently throughout the proceedings, and diligently attempted to remedy the error he made once the untimely filing was discovered.  Further, the error, while serious in consequence, is exactly the kind of behavior that has been described as mere negligence in other situations, including death penalty cases.  *See, e.g.*, *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel.").

*Mackey* holds that relief can be warranted as an extraordinary circumstance under Rule 60(b)(6) when there has been attorney abandonment, but the district court here on limited remand found that there was no attorney abandonment, and we agree.  Attorney negligence leading to late filing of an appeal is not the type of extraordinary circumstance that warrants relief under Rule 60(b)(6).  Nor has Washington presented any other facts that would constitute "extraordinary circumstances" under 60(b)(6).  We

affirm the denial of Washington's Rule 60(b) motion. We stress that our analysis applies only to Rule 60(b) motions filed for the *sole purpose* of vacating and reentering a judgment to remedy an untimely notice of appeal.

## IV

We dismiss Washington's appeal in case number 05-99009 because we do not have jurisdiction to entertain an untimely notice of appeal and because Washington's motion for a COA cannot be construed as a motion for an extension of time. We affirm the denial of Washington's 60(b) motion in case number 07-15536 because the district court did not abuse its discretion in holding that a 60(b) motion was not available to extend the time allowed to file a notice of appeal on the facts here.[5]

**DISMISSED IN PART, AFFIRMED IN PART.**

---

[5] We understand that Washington is foreclosed by his lawyer's negligence, under circumstances where a similarly situated co-defendant received federal habeas corpus relief that prevented the death penalty absent a corrected sentencing process. But our conclusion is required under the Supreme Court's precedent making the time limits for appeal mandatory and jurisdictional, and our conclusion that Rule 60(b) cannot be used to render a notice of appeal timely where Rule 4(a)(5) offers an identical avenue for relief.