**FILED**

NOT FOR PUBLICATION

AUG 25 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| KONIAG, INC., an Alaska corporation; MICHAEL P. O'CONNELL, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> KURT KANAM, individually and as Tribal Attorney for the Native Village of Karluk; ORBIE MULLINS, individually and as Village of Karluk Tribal Court Judge for the Karluk Tribal Court for the Native Village of Karluk, <br><br> Defendants - Appellants. | No. 13-35759 <br><br> D.C. No. 3:12-cv-00077-SLG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted August 11, 2015[**]
Anchorage, Alaska

Before: SCHROEDER, RAWLINSON, and MURGUIA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Native Village of Karluk tribal attorney Kurt Kanam and Karluk Tribal Court Judge Orbie Mullins (collectively, Defendants) appeal the district court's order entered on July 29, 2013, granting partial summary judgment and a permanent injunction in favor of Koniag, Inc. and Koniag's attorney Michael P. O'Connell. Because Defendants' notice of appeal is untimely, we dismiss.

Defendants' notice of appeal dated August 19, 2013, does not challenge a final decision or interlocutory order. *See* 28 U.S.C. §§ 1291 (appeal of final decision), 1292 (appeal of certain interlocutory orders).

Defendants' amended notice of appeal dated September 26, 2013, challenges an interlocutory order—the district court's grant of a permanent injunction—but it was filed more than thirty days after entry of the order appealed. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. (FRAP) 4(a)(1)(A). The Appellate Commissioner concluded that the "amended notice of appeal appears to be timely filed because [Defendants'] . . . cross-complaint names a federal party to the underlying action." The Appellate Commissioner correctly cited 28 U.S.C. § 2107(b) and FRAP 4(a)(1)(B)(iv), which extends the deadline to file a notice of appeal to sixty days if one of the parties is the United States, or "a current or former United States officer or employee sued in an individual capacity . . ." However, the sixty-day filing period does not apply in this case.

2

Although Defendants filed a Cross Complaint that named federal officers or employees, the district court did not act on the Cross Complaint because Defendants failed to move for leave to amend to add those parties. In addition, these federal officers or employees did not become parties because it appears that they were not served, nor did the federal officers or employees "participate[]" in the action or share an interest in the outcome of the appeal. *In re Paris Air Crash of March 3, 1974*, 578 F.2d 264, 265 (9th Cir. 1978) (per curiam) (citations omitted). Finally, the served Defendants were not federal employees. *See Wallace v. Chappell*, 637 F.2d 1345, 1348 (9th Cir. 1981) (en banc) (per curiam) (explaining that the 60-day filing period applies only if the defendants act under government authority). Therefore, the amended notice of appeal was untimely.

Because we lack "jurisdiction to entertain an untimely notice of appeal," we must dismiss. *Washington v. Ryan*, 789 F.3d 1041, 1048 (9th Cir. 2015).

**DISMISSED.**