FILED

OCT 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NICHOLAS J. QUEEN,

              Petitioner - Appellant,

  v.

H. A. RIOS, Jr.,

              Respondent - Appellee.

No. 14-16739

D.C. No. 1:09-cv-01224-SKO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding[**]

Submitted October 14, 2015[***]

Before:    SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

    Federal prisoner Nicholas J. Queen appeals pro se from the district court's

order denying his motion for reconsideration of the dismissal of his 28 U.S.C. § 2241

habeas petition.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The parties consented to proceed before a magistrate judge.

    [***]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Queen contends that the district court erroneously denied his motion for reconsideration because the motion raised a new claim regarding the execution of his sentence, namely, that the Bureau of Prisons failed to obtain a new order of commitment after learning that Queen needed to finish serving a state sentence before being committed to federal custody. Queen further argues that this court should review his Federal Rule of Civil Procedure 60(b) motion in the first instance. Whether we review the district court's decision for abuse of discretion or conduct an independent review of Queen's motion, he is not entitled to relief. *See Cook v. Ryan*, 688 F.3d 598, 608-09 (9th Cir. 2012). Contrary to Queen's contention, he failed to establish "exceptional circumstances" warranting reconsideration under Rule 60(b)(6). *See Mackey v. Hoffman*, 682 F.3d 1247, 1251 (9th Cir. 2012). Moreover, to the extent Queen's motion was properly construed as a new habeas petition, the district court did not err by dismissing it as successive. *See* 28 U.S.C. § 2244(a); *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000) ("[Section] 2244(a) prevents a federal inmate from using § 2241 to call into question the validity of a conviction or sentence that has already been subject to collateral review." (internal quotations omitted)).

**AFFIRMED.**