**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3355
_____

GNANA M. CHINNIAH,
aka Gnanachandra M. Chinniah;
SUGANTHINI CHINNIAH,
                              Appellants

v.

EAST PENNSBORO TOWNSHIP;
JEFFREY S. SHULTZ
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-08-cv-01330)
District Judge:  Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 6, 2015
Before:  FISHER, KRAUSE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 9, 2015)
_____

OPINION*
_____

PER CURIAM

Pro se plaintiffs Gnana and Suganthini Chinniah appeal from the District Court's order denying their motion for judgment as a matter of law or for a new trial. For the reasons set forth below, we will affirm.

I.

The Chinniahs claim that East Pennsboro Township and Jeffrey Shultz, a township Building Inspector and Codes Enforcement Officer, treated them differently because they are of Indian descent and adhere to Hinduism. The Chinniahs purchased property in East Pennsboro in 2007, and claim that Shultz treated them worse than the previous owner, a white man, and that this was part of a pattern in East Pennsboro of treating Indian property owners worse than similarly situated non-Indians. The Chinniahs contend that this different treatment violated the Equal Protection Clause.

After a four-day trial, a jury found for the defendants. The Chinniahs' counsel then withdrew, and the Chinniahs moved pro se for judgment as a matter of law or, in the alternative, a new trial. The District Court denied this motion, and the Chinniahs timely appealed. They challenge the jury's verdict and the District Court's denial of their motion for judgment as a matter of law or a new trial.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and "review questions of law underlying the jury verdict on a plenary basis." LePage's Inc. v. 3M, 324 F.3d 141, 146

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

2

(3d Cir. 2003).  As to questions of fact, "[o]ur review . . . is limited to determining whether some evidence in the record supports the jury's verdict."  Id.; see also Swineford v. Snyder Cnty. Pa., 15 F.3d 1258, 1265 (3d Cir. 1994) ("A jury verdict will not be overturned unless the record is critically deficient of that quantum of evidence from which a jury could have rationally reached its verdict.").  "'We exercise plenary review of an order . . . denying a motion for judgment as a matter of law and apply the same standard as the district court.'"  Ambrose v. Twp. of Robinson, Pa., 303 F.3d 488, 492 (3d Cir. 2002) (quoting Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1166 (3d Cir. 1993)).  The denial of a motion for new trial is reviewed for abuse of discretion, but questions of law are reviewed de novo.  Pryer v. C.O. 3 Slavic, 251 F.3d 448, 453 (3d Cir. 2001).  A new trial may be granted "because the verdict is against the weight of the evidence" only "when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks [the] conscience."  Marra v. Phila. Hous. Auth., 497 F.3d 286, 309 n.18 (3d Cir. 2007) (internal quotation marks omitted).

The Chinniahs' appellate brief largely follows the structure of their motion for judgment as a matter of law or a new trial.  They outline eleven areas of evidence that allegedly justify relief in their favor.  They also contend that the attorneys involved in the trial, including their retained counsel, committed misconduct and were involved in a

constitute binding precedent.

3

conspiracy that disadvantaged them. The District Court rejected these arguments in full, and we will do the same.[1]

The District Court addressed the Chinniahs' factual contentions in detail, and we need not repeat that exposition here. For each area of evidence that allegedly showed different treatment, the District Court identified contradictory evidence or alternative explanations in the record that the jury was entitled to accept. As to the Township's alleged indifference, the Chinniahs cited very little evidence and, more fatally, they failed to prove a policy or custom of discrimination (or, indeed, any discrimination); absent this predicate, no basis for municipal liability existed. See Berg v. Cnty. of Allegheny, 219 F.3d 261, 275-76 (3d Cir. 2000). Because the jury's verdict is supported by evidence in the record, no grounds exist to vacate the verdict and the District Court did not abuse its discretion in denying the Chinniahs' motion for a new trial.[2] The District Court was also correct in ruling that the Chinniahs' failure to move for judgment as a matter of law during the trial barred them from receiving such relief post-trial. See Fed. R. Civ. P. 50(a)-(b); Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) ("A motion under

_____

[1] The appellees urge the Court to dismiss the appeal because the Chinniahs did not submit the trial transcript or other relevant evidence with their appeal, in violation of federal and local appellate rules. See Fed. R. App. P. 10(b); 3d Cir. L.A.R. 11.1, 30.3. Dismissal on such grounds is disfavored, however, and should be done sparingly. Horner Equip. Int'l v. Seascape Pool Ctr., Inc., 884 F.2d 89, 93 (3d Cir. 1989). Given the Chinniahs' pro se status and their claims' clear lack of merit, we need not exercise that discretion here.
[2] The Chinniahs invite the Court to reweigh or decide the evidentiary conflicts anew and offer to submit more evidence. We decline, as the well-established standards of review outlined above preclude de novo review of factual issues resolved by the jury. Cf.

Rule 50(b) is not allowed unless the movant sought relief on similar grounds under Rule 50(a) before the case was submitted to the jury.")

As to the Chinniahs' allegations of attorney misconduct and conspiracy, they offer little but speculation. In any event, "[t]he remedy in a civil case, in which chosen counsel is negligent, is an action for malpractice," not an appeal. Kushner v. Winterthur Swiss Ins. Co., 620 F.2d 404, 408 (3d Cir. 1980) (internal quotation marks omitted); see also Nelson v. Boeing Co., 446 F.3d 1118, 1119 (10th Cir. 2006) ("The general rule in civil cases is that the ineffective assistance of counsel is not a basis for appeal or retrial."). Accordingly, their allegations do not provide a basis for relief in this action.

## III.

Because the jury's verdict is supported by adequate evidence in the record and the Chinniahs offer no meritorious basis for reversal, we will affirm the judgment of the District Court. The appellants' request to submit additional evidence is denied.

---

Sentilles v. Inter-Caribbean Shipping Corp., 361 U.S. 107, 110 (1959).