**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2911
_____

GNANA M. CHINNIAH,
a/k/a Gnanachandra M. Chinniah;
SUGANTHINI CHINNIAH

v.

TOWNSHIP OF EAST PENNSBORO;
JEFFREY S. SHULTZ

Gnana M. Chinniah; Suganthini Chinniah,
                                        Appellants
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:08-cv-01330)
District Judge:  Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 2, 2015
Before:  CHAGARES, KRAUSE and GREENBERG, Circuit Judges

(Opinion filed: December 21, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellants Gnana and Suganthini Chinniah, proceeding pro se, appeal from an order of the United States District Court for the Middle District of Pennsylvania denying their motion to open a judgment pursuant to Federal Rule of Civil Procedure 60(b).  For the reasons set forth below, we will affirm the order of the District Court.

The procedural history of this case and the details of the Chinniahs' claims are well-known to the parties and need not be discussed at length.  In short, the Chinniahs brought this action in 2008 pursuant to 42 U.S.C. § 1983 alleging that Defendants East Pennsboro Township and Jeffrey Shultz, a township Building Inspector and Codes Enforcement Officer, treated them differently because they are of Indian descent and practice Hinduism.  The Chinniahs purchased property in East Pennsboro in 2007, and claim that Shultz treated them worse than the previous owner, a white man, and that this was part of a pattern in East Pennsboro of treating Indian property owners less advantageously than similarly situated non-Indians.  The Chinniahs contended that this different treatment violated the Equal Protection Clause.

After a four-day trial in November of 2013, a jury found for Defendants on all claims.  The Chinniahs' counsel then withdrew, and the Chinniahs, who have proceeded pro se since, timely appealed.  We affirmed the judgment of the District Court, concluding that the jury's verdict was supported by adequate evidence in the record and that the Chinniahs offered no meritorious basis for reversal.  See Chinniah v. East Pennsboro Twp., 602 F. App'x 558, 560 (3d Cir. 2015).

Several months after the mandate in the prior appeal issued, the Chinniahs filed a motion in the District Court pursuant to Federal Rule of Civil Procedure 60(b)(6) seeking to open the judgment entered on the jury verdict. The Chinniahs primarily argued that the conduct of their attorney, Joshua Autry, Esq., at trial constituted a "virtual abandonment"[1] of their case justifying relief from the judgment entered on the jury verdict. The Chinniahs contend that various allegedly "improper" contacts between the jury and counsel or court staff resulted in Autry altering his trial strategy such that he failed to: (1) call all of the witnesses who were subpoenaed to appear; (2) introduce all documents into evidence; and (3) fully and effectively cross-examine all witnesses.[2]

---

[1]    Appellants' "virtual abandonment" argument is borrowed from a case decided by the Court of Appeals for the Ninth Circuit. See Mackey v. Hoffman, 682 F.3d 1247, 1251-53 (9th Cir. 2012).

[2]    The Chinniahs point to two specific contacts with the jury that they consider as "serious" and "improper." One such contact occurred between Defendants' counsel as he was entering the courthouse and a juror who was outside smoking a cigarette. The juror asked if trial would be finishing that day, and counsel responded that it would likely go until Monday. This inadvertent and limited interaction was promptly brought to the attention of the District Court at sidebar on the morning when it occurred. We have reviewed the transcript from the sidebar conference and concluded that this incident was neither serious, nor improper.

The second contact concerns communications between the jury and the District Court's courtroom deputy that were allegedly relayed to the Chinniahs' attorney. It appears that the jury expressed dissatisfaction with the length of time Defense counsel was taking to examine a witness, and the Chinniahs learned of this from a handwritten note from Autry explaining that he was going to ask "very few questions" on cross. We note that, in general, communications between the jury and a courtroom deputy are to be expected as a matter of course during trial because the deputy handles the logistical needs of jurors during their service, and nothing about that type of general communication can be deemed improper. To the extent that feedback from the jury regarding the pace of trial was shared with Autry, the nature of this feedback was seemingly innocuous. In any event, the Chinniahs have not pointed to evidence that this interaction led to changes in

By order dated July 15, 2015, the District Court denied the Rule 60(b)(6) motion, concluding that most of the contentions re-raised in the Rule 60(b)(6) motion – those alleging attorney misconduct and conspiracy – had previously been rejected by this Court in the prior appeal as meritless. The District Court further determined that the Chinniahs failed to demonstrate that they did not receive a fair trial. In reaching that conclusion, the District Court fully considered the Chinniahs' argument that alleged improper contact with the jury by counsel and court staff resulted in a change of trial strategy by Autry so significant that it constituted a "virtual abandonment" of their case at trial. The District Court explicitly found that Autry represented the Chinniahs diligently throughout the proceedings and that the Chinniahs' disagreement with his trial strategy was insufficient to support a "virtual abandonment" claim warranting relief under Rule 60(b)(6).

The Chinniahs filed a timely notice of appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's denial of a motion under Rule 60(b)(6) for abuse of discretion. Cox v. Horn, 757 F.3d 113, 118 (3d Cir. 2014), cert. denied sub nom. Wetzel v. Cox, 135 S. Ct. 1548 (2015) (citing Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003)). "A district court abuses its discretion when it bases its decision upon a clearly erroneous finding of fact, an erroneous conclusion of law, or an

---

trial strategy that could somehow be deemed abandonment by Autry. See, e.g., Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103 (9th Cir. 2007) (noting that Rule 60(b)(6) relief is permissible only for cases of extreme negligence or misconduct by an attorney).

4

improper application of law to fact." Cox, 757 F.3d at 118 (citing Morris v. Horn, 187

F.3d 333, 341 (3d Cir.1999)).

We have considered the parties' briefs and appendices, and conclude that the

District Court did not abuse its discretion in denying the Chinniahs' Rule 60(b)(6)

motion. Reopening of a judgment under Rule 60(b)(6) is warranted "only in

extraordinary circumstances where, without such relief, an extreme and unexpected

hardship would occur." Cox, 757 F.3d at 120 (quotation marks omitted). The District

Court did not abuse its discretion in concluding that the Chinniahs' arguments are

insufficient to warrant the extraordinary relief provided for in Rule 60(b)(6). The

arguments raised in their motion had previously been raised before both the District

Court and this Court and were rejected as meritless. See Chinniah, 602 F. App'x at 560

(observing that "[a]s to the Chinniahs' allegations of attorney misconduct and conspiracy,

they offer little but speculation.… [T]heir allegations do not provide a basis for relief in

this action."). Raising the same arguments yet again and simply recharacterizing them as

an example of counsel's "virtual abandonment"[3] does not transform them from

speculative arguments into meritorious ones.

---

[3]    In Mackey, the Ninth Circuit issued a narrow holding that "a district court may
grant an incarcerated habeas petitioner relief from judgment pursuant to Federal Rule of
Civil Procedure 60(b)(6) if his attorney's abandonment causes him to fail to timely file a
notice of appeal." 682 F.3d at 1248. The applicability of that narrow holding to
Appellants' case is questionable at best. The incarcerated petitioner in Mackey was
essentially deprived of the opportunity to file an appeal from the denial of his habeas
petition because of an alleged abandonment by his counsel. The Chinniahs' case presents
very different circumstances. They are not incarcerated, nor are they seeking habeas

5

Furthermore, the District Court based its decision to deny the motion on its own observations of Autry at trial. The District Court determined that Autry diligently represented the Chinniahs, and we see no reason to disturb that conclusion. The District Court – having presided over the trial and having observed firsthand the conduct Appellants challenge – was in the best position to assess whether Autry's behavior altered the outcome of the trial in such a way as to warrant the extraordinary remedy of relief under Rule 60(b)(6). Because the Chinniahs have not demonstrated that the District Court based its decision upon a clearly erroneous finding of fact, an erroneous conclusion of law, or an improper application of law to fact, see Cox, 757 F.3d at 118, we cannot conclude that the District Court abused its discretion in denying their Rule 60(b)(6) motion.

We have carefully reviewed the rest of the Chinniahs' claims on appeal and find them to be meritless. For essentially the same reasons set forth by the District Court in its well-reasoned order, we will affirm.

---

relief. Moreover, they received a multi-day jury trial after several years of litigation, filed post-trial motions, and previously appealed to this Court in order to seek review of their claims. The record demonstrates that Autry's conduct cannot be characterized as the sort of gross negligence that amounts to having practically no representation and therefore constitutes an extraordinary circumstance warranting relief under Rule 60(b)(6). See Latshaw, 452 F.3d at 1103 (observing that a client is usually accountable for the neglectful or negligent acts of his attorney and that judgments are only set aside under Rule 60(b)(6) based on attorney conduct where that conduct amounts to gross negligence or egregious misconduct).