**ALD-022**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3823
_____

IN RE:  GNANA M. CHINNIAH;
SUGANTHINI CHINNIAH,
Petitioners

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Civ. No. 1-15-cv-02240)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 27, 2016

Before: MCKEE, JORDAN and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 15, 2016)
_____

OPINION[*]
_____

PER CURIAM

Petitioners Gnana and Suganthini Chinniah, proceeding <u>pro</u> <u>se</u>, have filed a

petition for a writ of mandamus seeking review of Judge Kane's refusal to recuse herself

from presiding over their civil case.  For the following reasons, we will deny the petition

for a writ of mandamus.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

As the parties are familiar with the case, we will review the procedural history only as it pertains to the present mandamus petition. The Chinniahs are property owners in East Pennsboro Township who in 2008 brought an action pursuant to 42 U.S.C. § 1983 alleging that the township and its building inspector and code enforcement officer treated them differently because they were of Indian descent and adhere to Hinduism. (M.D. Pa. Civ. No. 08-cv-1330.) After a four-day trial before Judge Kane, a jury found for the defendants on all claims. The Chinniahs' counsel then withdrew, and the Chinniahs, who have proceeded pro se since, appealed. In March 2015, we affirmed the judgment of the District Court. See Chinniah v. East Pennsboro Twp., 602 F. App'x 558, 560 (3d Cir. 2015).

Several months later, the Chinniahs filed a motion in the District Court pursuant to Federal Rule of Civil procedure 60(b)(6) seeking relief from the judgment entered on the jury verdict. They argued that because of "improper" contacts between jurors, counsel, and court staff, their counsel so altered his trial strategy that a "virtual abandonment" of their case occurred. The District Court denied the Rule 60(b)(6) motion, and the Chinniahs appealed. In December 2015, we affirmed the judgment of the District Court. See Chinniah v. East Pennsboro Twp., 639 F. App'x 89, 92 (3d Cir. 2015).

In November 2015, the Chinniahs filed another lawsuit in the District Court that was assigned to Judge Kane. They again brought civil rights claims against the township and its building inspector and code enforcement officer, and they also included as defendants counsel involved in the 2008 lawsuit and various county officials. In

2

February 2016, the Channiahs filed a recusal motion, which the District Court denied in a February 11, 2016 order. On September 30, 2016, the District Court denied reconsideration of that order, and the Channiahs filed this mandamus petition.[1]

Mandamus is a proper means to obtain review of the denial of a recusal motion filed pursuant to 28 U.S.C. § 455. Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993). Under § 455(a), recusal is required when a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004) (citation and quotations omitted). Our inquiry is "whether the record, viewed objectively, reasonably supports the appearance of prejudice or bias." In re Antar, 71 F.3d 97, 101 (3d Cir. 1995). In this regard, "[w]e have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (citations omitted). Moreover, recusal is not required on the grounds of "unsupported, irrational, or highly tenuous speculation." In re United States, 666 F.2d 690, 694 (1st Cir. 1981).

The Chinniahs argue that "[t]here is an appearance of partiality in this case that warrants [Judge Kane]'s recusal." They point to "Judge Kane's apparent desire to protect [her] court staff from inquiry," "some undisclosed prior relationship between Judge Kane and the law firm to which she personally referred [the Chinniahs] for representation at

---

[1] The 2015 lawsuit remains pending before the District Court.

3

[the] 2013 trial in the 2008 case," and "some possible personal knowledge of or connection between Judge Kane and persons involved in the 2015 case in the same community where Judge Kane is believed to reside." The Chinniahs contend that Judge Kane's partiality was evidenced by "the manner in which the Rule 60(b) Motion [in the 2008 case] was decided [], i.e. that she never held a hearing on the issue of the improper jury contact to conduct any inquiry into them," and her subsequent refusal to revisit the allegations of improper jury contact in her denial of the motion for recusal in this case.

The Chinniahs have not made a persuasive case for mandamus relief. Their allegations about her "prior relationship" and "possible personal knowledge" of defendants are unsupported and speculative, see United States, 666 F.2d at 694, and their allegation that she has not adequately addressed the issue of "improper" jury contacts amounts to nothing more than dissatisfaction with a legal ruling. See Securacomm Consulting, 224 F.3d at 278. Moreover, as we explained in our opinion affirming the District Court's denial of the Rule 60(b) motion in the 2008 case, the communications with the jury that the Chinniahs have deemed "improper" were "seemingly innocuous" and "neither serious, nor improper." Chinniah, 639 F. App'x at 90 n.2. Accordingly, we will deny the mandamus petition.

4