CLD-366                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2858
_____

IN RE:  GNANA M. CHINNIAH;
SUGANTHINI CHINNIAH,

Petitioners
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No.: 1-15-cv-02240)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 28, 2017

Before:  SHWARTZ, RENDELL, and FISHER, <u>Circuit Judges</u>

(Opinion filed  October 10, 2017)
_____

O P I N I O N*
_____

PER CURIAM

 Gnana and Suganthini Chinniah are the plaintiffs in a civil action pending in the

District Court.  They have filed a petition for a writ of mandamus seeking a stay of that

proceeding.  We will deny the petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Petitioners brought several prior proceedings in this Court relating to their pending civil action. Two of them are relevant here.

First, petitioners appealed from the District Court's order denying their motion to reconsider its previous order dismissing their complaint in part but permitting certain of their claims to proceed. We dismissed that appeal for lack of jurisdiction under 28 U.S.C. § 1291 because proceedings remained ongoing in the District Court. (C.A. No. 17-1729, July 14, 2017.) We later denied petitioners' petition for rehearing en banc.

Second, petitioners filed a mandamus petition seeking disqualification of the District Judge. We denied the petition after concluding that petitioners' largely "unsupported and speculative" allegations did not require disqualification. In re Chinniah, 670 F. App'x 59, 60 (3d Cir. 2016), cert. denied, 137 S. Ct. 2321 (2017). Petitioners assert that they have filed a judicial misconduct complaint on the basis of the same allegations.

Petitioners' present mandamus petition requests a stay of District Court proceedings pending (1) our consideration of their petition for rehearing in C.A. No. 17-1729, which we have since denied, and (2) resolution of their judicial misconduct complaint. Petitioners also requested a stay from the District Court, which has since denied it. We decline to stay proceedings as well.

Mandamus is a drastic remedy that is available only when, inter alia, the petitioner shows a clear and indisputable right to relief. See Gillette v. Prosper, 858 F.3d 833, 841 (3d Cir. 2017). Petitioners' request that we order a stay pending consideration of rehearing in C.A. No. 17-1729 is moot because we have denied rehearing in that appeal.

2

As for petitioners' request for a stay pending resolution of their judicial misconduct complaint, we will not comment on that proceeding given its confidential nature. <u>See</u> 28 U.S.C. § 360(a); <u>In re Focus Media, Inc.</u>, 378 F.3d 916, 921 n.2 (9th Cir. 2004). Suffice it to say, however, that we already have concluded that petitioners' allegations do not require the District Judge's disqualification. Neither does the fact that they have filed a judicial misconduct complaint. <u>See</u> <u>In re Mann</u>, 229 F.3d 657, 658-59 (7th Cir. 2000); <u>cf.</u> <u>United States v. Vampire Nation</u>, 451 F.3d 189, 208 (3d Cir. 2006). For similar reasons, the mere filing of a judicial misconduct complaint does not clearly and indisputably entitle plaintiffs to a stay of their proceeding.

Thus, we will deny the petition.