CLD-230                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2074
_____

IN RE:  GNANA M. CHINNIAH
and SUGANTHINI CHINNIAH,

                                                        Petitioners
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 7, 2018
Before:  CHAGARES, GREENAWAY, JR. and FUENTES, Circuit Judges

(Opinion filed: June 27, 2018)
_____

OPINION[*]
_____

PER CURIAM

        Gnana and Suganthini Chinniah have filed a document with this Court titled

"petition for extraordinary relief/exercise of supervisory jurisdiction," which we treat for

docketing purposes as a petition for a writ of mandamus.  We will deny the petition.

I.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

The Chinniahs' petition is partially related to their previous litigation in the United States District Court for the Middle District of Pennsylvania and in this Court. In 2008, the Chinniahs sued East Pennsboro Township and others raising claims of differential treatment on the basis of their ethnicity and religion. The Chinniahs lost following a jury trial at which they were represented by counsel, and we affirmed on their pro se appeal. See Chinniah v. E. Pennsboro Twp., 602 F. App'x 558 (3d Cir. 2015). The Chinniahs later filed a motion under Fed. R. Civ. P. 60(b) seeking relief on the basis of, inter alia, allegedly improper contacts between District Court staff and the jury. The District Court denied the motion, and we again affirmed. See Chinniah v. Twp. of E. Pennsboro, 639 F. App'x 89 (3d Cir. 2015).

Shortly before our ruling, the Chinniahs filed a second lawsuit against the Township and others raising claims allegedly arising from their prior suit. The District Court dismissed their complaint, and the Chinniahs' appeal from that ruling is pending at C.A. No. 17-3375. The Chinniahs also filed two prior mandamus petitions with this Court seeking relief (including the District Judge's disqualification) on the basis of the same allegedly improper jury contacts. We denied those petitions. See In re Chinniah, 698 F. App'x 58 (3d Cir. 2017); In re Chinniah, 670 F. App'x 59 (3d Cir. 2016).

Presently before the Court is the Chinniahs' "petition for extraordinary relief/ exercise of supervisory jurisdiction." The Chinniahs do not seek relief regarding any proceeding in the District Court. Nor do they seek relief regarding their pending appeal.

2

Instead, the Chinniahs have attached yet a third complaint against the Township and others seeking to raise claims that appear to be based in part on the same allegedly improper jury contacts. The Chinniahs assert that they would like to file this complaint but do not think that any District Judge of the Middle District of Pennsylvania will treat them fairly. Thus, they ask us either to adjudicate the substance of their new complaint ourselves or to assign it to a judge outside the Middle District of Pennsylvania. In the alternative, they ask that we refer this matter for alternative dispute resolution.

II.

We will deny their requests. We are primarily a court of appellate rather than original jurisdiction. See 28 U.S.C. §§ 1291, 2106. We do have original jurisdiction under the All Writs Act to issue extraordinary writs, but we may do so only in aid of some independent basis for jurisdiction. See 28 U.S.C. § 1651; In re Arunachalam, 812 F.3d 290, 292 (3d Cir. 2016) (per curiam). Thus, we have All Writs jurisdiction over civil actions that might come within our appellate jurisdiction in the future. See In re Arunachalam, 812 F.3d at 292. The Chinniahs, however, have neither filed such a civil action nor identified any other potential basis for us to exercise our All Writs jurisdiction.

Instead, they argue that we can exercise our supervisory authority to grant them relief even in the absence of an action pending in a District Court. In support, they rely on Satterfield v. Johnson, 434 F.3d 185, 193 & n.8 (3d Cir. 2006). In that case, however, we addressed the King's Bench powers of the Pennsylvania Supreme Court. See id. We do not have the same powers as a state King's Bench court. Cf. Abdul-Akbar v.

3

McKelvie, 239 F.3d 307, 316 (3d Cir. 2001) (en banc).  We do have inherent supervisory powers, which we have exercised in a variety of contexts and usually to prescribe rules of practice or procedure.  See, e.g., United States v. Moreno, 809 F.3d 766, 780 (3d Cir. 2016) (summarizing supervisory authority); United States v. Wecht, 484 F.3d 194, 204-05 (3d Cir. 2007) (same).  But we do not appear to have exercised supervisory powers over a private dispute in the absence of an independent basis for jurisdiction triggered by an appeal or other proceeding relating to an action brought in a District Court.

In any event, even if we had the authority to order the relief that the Chinniahs request, we would decline to do so.  We will not adjudicate their claims on the merits in the first instance.  Nor have the Chinniahs presented any basis for us to assign their unfiled complaint to a District Judge outside the Middle District of Pennsylvania or refer this non-extant matter for alternative resolution.  The Chinniahs have offered nothing but their bald assertion that they cannot receive a fair hearing before any District Judge in the Middle District of Pennsylvania.  Indeed, as noted above, we previously denied their requests to disqualify the same District Judge who presided over their first two actions.  We express no opinion on that issue insofar as it may relate to the Chinniahs' pending appeal.  For present purposes, however, the Chinniahs have shown no reason to believe that they cannot receive a fair hearing in the Middle District of Pennsylvania.

The Chinniahs remain free—subject to all applicable rules, including Fed. R. Civ. P. 11(b) and (a) and the rules governing venue—to file their third complaint in an appropriate District Court.  In so noting, we neither affirmatively suggest that they do so

4

nor express any opinion on the merits of their complaint. We caution the Chinniahs, however, against advancing claims that already have been rejected.

## III.

For these reasons, we will deny the petition.