NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3375
_____

GNANA M. CHINNIAH, also known as Gnanachandra M. Chinniah; SUGANTHINI
CHINNIAH, Appellants

v.

EAST PENNSBORO TOWNSHIP; JEFFREY S. SHULTZ; KAREN DUNKLE; JAMES
HERZLER; JOHN KUNTZELMAN; CHRISTOPHER UNDERHILL; LAW OFFICES
OF HARTMAN UNDERHILL & BRUBAKER; JOSHUA AUTRY; JEFFREY
CONRAD; LAW OFFICES OF CLYMER MUSSER & CONRAD; CUMBERLAND
COUNTY TAX CLAIM BUREAU
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-15-cv-02240)
District Judge: Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 4, 2018

Before: GREENAWAY, JR., RESTREPO and FUENTES, Circuit Judges

(Opinion filed: January 24, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Pro se appellants Gnana and Suganthini Chinniah appeal the District Court's order dismissing their amended complaint. For the reasons discussed below, we will affirm in part, vacate in part, and remand for further proceedings.

This case is effectively a sequel to a civil-rights action that the Chinniahs filed in 2008. In the first action, the Chinniahs claimed that East Pennsboro Township and one of its building inspectors discriminated against them because they are of Indian descent and adhere to Hinduism. The Chinniahs purchased property in East Pennsboro in 2007, and alleged that the defendants treated them worse than the previous owner, a white man, and that this was part of a pattern in East Pennsboro of treating Indian property owners worse than similarly situated non-Indians. After a four-day trial, a jury found for the defendants. The Chinniahs appealed, and we affirmed. See Chinniah v. E. Pennsboro Twp., 602 F. App'x 558 (3d Cir. 2015) (per curiam) (non-precedential).

The Chinniahs then instituted this action under 42 U.S.C. § 1983 against East Pennsboro Township, four Township employees,[1] three lawyers and their firms, and the Cumberland County Tax Claim Bureau. They alleged that the defendants had retaliated against them for filing the first action, violated their Fourth Amendment rights by entering their rental unit on several occasions, violated their due process rights by failing

___

constitute binding precedent.

[1] These individuals are (1) John Kuntzelman, a current commissioner of East Pennsboro Township; (2) James Herzler, a former commissioner of East Pennsboro Township and current commissioner of Cumberland County; (3) Jeffrey Shultz, the building inspector who was a defendant in the first action; and (4) Karen Dunkle, a building inspector and code enforcement officer.

2

to hold a hearing before condemning the rental unit, prevented them from accessing the courts, violated their rights under the Equal Protection Clause by treating them differently from white property owners, conspired to violate their rights, and committed numerous state-law torts.

Approving a report and recommendation from a Magistrate Judge, the District Court granted the defendants' motions to dismiss and dismissed the complaint in its entirety. The Court dismissed all claims with prejudice with the exception of the retaliation and conspiracy claims, which the Court allowed the Chinniahs to replead, and the state-law claims, which the Court dismissed without prejudice to the Chinniahs' reasserting in state court. The Chinniahs filed an amended complaint. Again approving a report and recommendation, the District Court dismissed the amended complaint. The Chinniahs filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise a plenary standard of review. See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). In reviewing the dismissal under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002). To survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

At the outset, we note that, because the Chinniahs have not challenged the District Court's dismissal of their access-to-the-courts or due-process claims or its dismissal of

3

their § 1983 claims against the attorneys and the law firms on the ground that they were not state actors, we will not consider those matters on appeal. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court." (quotation marks, alteration omitted); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants"). Further, we will not consider the Chinniahs' argument that the condemnation of their rental unit amounts to a taking in violation of their Fifth Amendment rights because they did not raise this claim in the District Court. See, e.g., Birdman v. Office of the Governor, 677 F.3d 167, 173 (3d Cir. 2012).

Meanwhile, although the Chinniahs' claim that the defendants conspired against them in violation of 42 U.S.C. § 1985 is properly before us, we will affirm the District Court's dismissal of the claim. As the District Court explained, the Chinniahs simply have not provided "plausible grounds to infer an agreement" between the sundry defendants. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010) (quoting Twombly, 550 U.S. at 556). Likewise, the District Court properly dismissed the Chinniahs' claims against Pennsboro Township and the Cumberland County Tax Claim Bureau because they failed altogether to show that the alleged deprivation of their constitutional rights resulted from any official policy or custom. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); see also Groman

4

v. Twp. of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995) (finding "vague assertions" were insufficient to impose Monell liability).[2]

However, we will vacate in part the District Court's dismissal of the Chinniahs' retaliation claims. To plead a plausible First Amendment retaliation claim, the Chinniahs were required to allege three elements: (1) "[they] engaged in constitutionally protected conduct, (2) there was retaliatory action sufficient to deter a person of ordinary firmness from exercising [their] constitutional rights, and (3) there was a causal link between the constitutionally protected conduct and the retaliatory action." Conard v. Pa. State Police, 902 F.3d 178, 183 (3d Cir. 2018) (alterations omitted) (quoting Mirabella v. Villard, 853 F.3d 641, 649 (3d Cir. 2017)). The Chinniahs allege that, in retaliation for filing and litigating their previous action, the defendants raised their property-tax assessment, induced the Cumberland County Housing and Redevelopment Authorities to refuse to pay rent for a property it leased from them, and endeavored to have their rental property condemned.

We agree in part with the District Court's resolution of these claims. As the District Court ruled, the Chinniahs failed to plead that John Kuntzelman had any personal involvement in any of the alleged acts of retaliation. See Chavarriaga v. N.J. Dep't of

---

[2] Like the District Court, we interpret the Chinniahs' equal-protection claim to be asserted primarily against the Township, and conclude that they have to plead a plausible equal-protection claim against any individual defendant. See generally Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006). We also agree with the District Court that the Chinniahs are barred from re-litigating issues or claims that were decided adversely to them in the first action. See generally Montana v. United States, 440 U.S.

Corr., 806 F.3d 210, 222 (3d Cir. 2015); see also Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity."). Likewise, they failed to plead that (a) any of the named defendants were personally involved in the failure of the Cumberland County Housing and Redevelopment Authorities to pay rent; (b) Jeffrey Shultz or James Herzler had any personal involvement in the condemnation; and (c) Karen Dunkle had any personal involvement in the tax reassessment. However, we are satisfied that the Chinniahs adequately pleaded that Shultz and Herzler were personally involved in the property reassessment by providing incorrect information about the construction that the Chinniahs had completed and that Dunkle was personally involved in the condemnation.[3]

Further, as to these defendants and these claims only, we conclude that the Chinniahs adequately pleaded causation. The District Court concluded that there was no unusual temporal proximity between the date that the Chinniahs filed their first action and the reassessment or the condemnation. However, we have not always limited our analysis of temporal proximity to the date that the previous action was filed. See Hill v. City of Scranton, 411 F.3d 118, 132–33 (3d Cir. 2005) (looking to disposition of appeal);

147, 153 (1979).

[3] The Chinniahs also alleged that Kuntzleman and Herzler retaliated against them by failing to show up at the first trial to testify. However, in light of the Chinniahs' admissions that these defendants did appear for depositions and then were not called by the Chinniahs' counsel to testify at trial, we agree with the District Court that this conduct would not deter a person of ordinary firmness from exercising their First Amendment

see also Treglia v. Town of Manlius, 313 F.3d 713, 720–21 (2d Cir. 2002). Moreover, "it is causation, not temporal proximity itself, that is an element of plaintiff's prima facie case, and temporal proximity merely provides an evidentiary basis from which an inference can be drawn." Kachmar v. SunGard Data Sys., Inc., 109 F.3d 173, 178 (3d Cir. 1997). We conclude that, at least for purposes of the motion-to-dismiss stage, the Chinniahs' allegations of retaliation "do not lack plausibility," and the District Court's dismissal on the basis of causation in these circumstances was "premature at the motion to dismiss stage." Conard, 902 F.3d at 184.

We reach the same conclusion as to the Chinniahs' Fourth Amendment claim. The Chinniahs alleged that Dunkle "made multiple intrusions" onto their property leading up to the condemnation proceedings. The District Court dismissed this claim on two grounds, concluding that "Dunkle's entry onto the State Street Property and subsequent search was inherently reasonable under the consent and exigency exceptions to the warrant requirement in light of the tenant's complaint of flooding from broken sewer lines." D.C. dkt. #71 at pg. 26. While we express no opinion about whether these defenses may have merit at a different stage of the case, we conclude that it was premature for the District Court to dismiss the claims on these grounds.

It is typically the Government's burden to show that the consent or exigency exception to the warrant requirement applies. See United States v. Price, 558 F.3d 270, 277 (3d Cir. 2009); Parkhurst v. Trapp, 77 F.3d 707, 711 (3d Cir. 1996). These defenses

---

rights. See generally McKee v. Hart, 436 F.3d 165, 173 (3d Cir. 2006).

are not apparent on the face of the complaint. Moreover, while we acknowledge that Dunkle filed the record from the condemnation proceedings, without converting the motion to dismiss to a motion for summary judgment, the District Court could take judicial notice of only the existence of these proceedings, not for the truth of the facts asserted in the record. See Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004). The Chinniahs alleged that Dunkle entered and searched their property on multiple occasions; we have found no facts either as alleged in the complaint or of which we may judicial notice that establish that each search was either consented to or justified by exigent circumstances. See generally Michigan v. Tyler, 436 U.S. 499, 511 (1978) (ruling that while no warrant is necessary for entry to fight a fire and to remain thereafter to investigate the cause, "additional entries to investigate the cause of the fire must be made pursuant to the warrant procedures governing administrative searches"). Accordingly, we will also vacate the District Court's dismissal of this claim.

Thus, we will affirm the District Court's judgment in part and vacate in part and remand for further proceedings. More particularly, we will affirm the District Court's dismissal of all of the Chinniahs' claims with the exception of the following claims under § 1983: (1) a First Amendment retaliation claim against defendants Shultz and Herzler concerning the property reassessment; (2) a First Amendment retaliation claim against defendant Dunkle concerning the condemnation proceedings; and (3) a Fourth

8

Amendment claim concerning Dunkle's alleged multiple searches of the rental property.[4]

Because our decision to remand this matter as to these claims means that not all claims over which the District Court has original jurisdiction have been dismissed, we will also vacate and remand the District Court's order as to supplemental jurisdiction. See United States ex rel. Silver v. Omnicare, Inc., 903 F.3d 78, 94 (3d Cir. 2018).[5]

---

[4] We express no opinion about the merits of these claims or whether the defenses that the defendants have asserted might be viable at a later stage of this case.

[5] The Chinniahs' motions to recuse counsel and to strike one of the response briefs are denied.